**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

DEMETRIUS CURTIS,                                                                                    PLAINTIFF
ADC #120225

5:14CV00090-KGB-JJV

GIBSON, Deputy Warden, Delta
Regional Unit; *et al*.                                                                             DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.   Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was
not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Demetrius Curtis is a state inmate at the Delta Regional Unit of the Arkansas Department of Correction (ADC).  He filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging racial discrimination in job assignments and disciplinary actions, and retaliation for filing lawsuits.  (Doc. No. 1).

Pending before the Court are the parties' Motions for Summary Judgment, Briefs in Support, and Statements of Undisputed Material Facts (Doc. Nos. 49-52, 58-61).  Each side also filed Responses to the opposing party's Motion (Doc. Nos. 61-62, 71-75).  Defendants also filed a Reply (Doc. No. 76).

In his Complaint, Curtis alleges Defendants Gibson, Banks, and Lagron discriminated against him based on his race when they failed to assign him to a maintenance job in February 2014, and later assigned two white inmates to work in maintenance.  (Doc. No. 1 at 3.)  He also claims he was denied a job as a law library clerk based on his race.  (*Id.* at 4.)  In an Addendum to his Complaint, Plaintiff alleges Defendant Lagron retaliated against him based on his race by filing a disciplinary charge against him, but dismissing a similar charge filed against an equally-culpable white inmate.

(Doc. No. 8.)  Defendant Perry was dismissed on August 1, 2014, for Plaintiff's failure to state a claim upon which relief may be granted. (Doc. No. 36.)

## II.      SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  *Id*. at 1135 (citations omitted).  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### A.      Exhaustion

Defendants ask the Court to dismiss Plaintiff' Complaint against them for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  As a procedural matter, the Court must first address the question of whether or not Plaintiff exhausted his administrative remedies before proceeding.  Although he filed his Motion first, unless Mr. Curtis has exhausted his administrative remedies, the Court is precluded from addressing his Motion for Summary Judgment.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), *unconst'l on other grounds, Siggers-El v. Barlow*, 433 F. Supp. 2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In *Booth v. Churner*, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in *Chelette v. Harris*, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting *Castano v. Nebraska Dep't of Corrections*, 201 F.3d 1023, 1025 (8th Cir. 2000)). In *Johnson v. Jones*, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in *Jones v. Bock*, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

There is no dispute that the grievance procedure in place at the time of the incidents was Administrative Directive (AD) 12-16. (Doc. No. 59-1.) AD 12-16 provides a two-step grievance process, beginning with an informal resolution and followed by a formal resolution and appeal to

the Assistant Director.  (*Id.* at 2-3.)  In addition, the policy requires an inmate to specify the date, place and personnel involved in both his Informal and Formal Resolutions.  (*Id*. at 2.)  The ADC Grievance Procedure also clearly advises inmates that "they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit. . . ."  (*Id*. at 17.)

In support of their Motion for Summary Judgment, Defendants provide the affidavit of Barbara Williams, the Grievance Supervisor for the Arkansas Department of Correction.  (Doc. No. 59-2.)  Ms. Williams concluded that Mr. Curtis never filed a grievance alleging discrimination by Defendant Banks, and that although he filed two grievances against Defendants Gibson and Lagron, he did not properly exhaust his administrative remedies *prior* to filing this lawsuit.  (*Id*. at 1-2.)  The Court finds Ms. Williams's affidavit is compelling evidence in support of their position.

Plaintiff filed his lawsuit on March 13, 2014.  The grievance filed against Defendant Lagron (DR-14-00166) was finalized on March 18, 2014, and the grievance filed against Defendant Gibson (DR-14-00167) was finalized on April 14, 2014. (*Id*.; Doc. Nos. 76-1, 76-2.)  Therefore, Defendants correctly ask the Court to dismiss for failure to comply with exhaustion requirements, citing *Jones v. Bock*, 549 U.S. at 219, and *Johnson v. Jones*, 340 F.3d at 627.

In his Response, Plaintiff states he filed grievances DR 14-166 and DR 14-167 and appealed them to the final step in the process.  He states Defendant Perry interfered with his access to the grievance process by failing to initially answer his informal resolution.  As a result, Plaintiff proceeded to the next level in the process by filing a formal grievance procedure.  (Doc. No. 73 at 4-7.)  But this response fails to address the important issue at hand - that Mr. Curtis filed his lawsuit *before* the administrative process was complete.

Additionally, in their Reply, Defendants note that even if someone interfered with Plaintiff's

grievance, the grievance policy provides a remedy for that, by allowing the inmate to proceed to the next step without a response and by submitting his copy of the grievance form submitted.  (Doc. No. 76; Doc.  No. 59-1 at 7-8.)

Despite Plaintiff's insistence that he did exhaust his administrative remedies, it is clear that he did not properly exhaust his grievances prior to filing this lawsuit.  As previously stated, exhaustion is required.  Mr. Curtis provides no proof that a delay caused by an ADC employee prevented him from being able to proceed with his grievance and he does not dispute that he did not file any grievances naming Defendant Banks.  Therefore, the Court finds that Plaintiff's Motion for Summary Judgment should be denied, that Defendants' Motion for Summary Judgment should be granted, and Plaintiff's Complaint should be dismissed, without prejudice, for failure to exhaust his administrative remedies.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Motion for Summary Judgment (Doc. No. 49) be DENIED;

2.      Defendants' Motion for Summary Judgment (Doc. No. 58) be GRANTED;

3.      Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to exhaust his administrative remedies.

IT IS SO RECOMMENDED this 10th day of December, 2014.

_____
JOEL J. VOLPE
UNITED STATES MAGISTRATE JUDGE