IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DEMETRIUS CURTIS,**                                                                  **PLAINTIFF**
**ADC #120225**

v.                       Case No. 5:14-cv-00090-KGB-JJV

**GIBSON, Deputy Warden, Delta**
**Regional Unit;** *et al.*                                                        **DEFENDANTS**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 78), as well as the objections filed by plaintiff Demetrius Curtis (Dkt. Nos. 82, 83, 84, 85). After carefully considering the objections and making a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Curtis's objections. Mr. Curtis argues that his administrative remedies were exhausted at the time he filed this action because his appeal was not acknowledged or rejected in writing within five working days, which is required by Administrative Directive ("AD") 14-16(IV)(G)(5) (Dkt. No. 59-1, at 12). Mr. Curtis apparently filed this action after the five-day deadline had passed. In support of this argument, Mr. Curtis cites *Whitington v. Ortiz*, which states that "when prison officials fail to timely respond to a grievance, the prisoner has exhausted 'available' administrative remedies under the PLRA." 472 F.3d 804, 807-08 (10th Cir. 2007). However, AD 14-16(IV)(G)(6) provides that the "Chief Deputy/Deputy/Assistant Director will respond in writing to the inmate concerning the decision within thirty (30) working days unless . . . the appeal is rejected and the inmate is notified of the

reason for rejection" and that this "written decision or rejection of an appeal at this level is the end of the grievance process" (Dkt. No. 59-1, at 12). Mr. Curtis does not claim that the responses to his grievances were untimely under AD 14-16(IV)(G)(6), and, indeed, based on the record the responses appear to have been timely. Because Mr. Curtis filed this action before responses were required under AD 14-16(IV)(G)(6), Mr. Curtis did not properly exhaust his administrative remedies as required.

It is therefore ordered that:

1. Mr. Curtis's motion for summary judgment is denied (Doc. No. 49);

2. Defendants' motion for summary judgment is granted (Doc. No. 58);

3. Mr. Curtis's complaint against defendants is dismissed without prejudice for failure to exhaust his administrative remedies.

4. Any other pending motions are denied as moot.

SO ORDERED this the 7th day of July, 2015.

*Kristine G. Baker*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE